Douglas F. Schofield v. Commissioner.
Schofield v. Commissioner
Docket No. 112763.
United States Tax Court
1947 Tax Ct. Memo LEXIS 117; 6 T.C.M. (CCH) 903; T.C.M. (RIA) 47216; July 31, 1947
*117 Petitioner's claim to personal exemption as head of a family and to credit for two dependents disallowed for failure of proof. Douglas F. Schofield, pro se. Philip J. Wolf, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: The respondent determined deficiencies in income tax as follows: Year
Deficiency
1939
$137.52
1940
203.13
1941
298.90
Two issues are presented: (1) Was the petitioner entitled to a personal exemption as the head of a family during the three taxable years, and (2) was the petitioner entitled to a credit for two dependents during the taxable years. [The Facts] The record establishes that the petitioner is an individual whose residence during the three taxable years was at 11012 Wade Park Avenue, Cleveland, Ohio. His income tax returns for those years were filed with the collector of internal revenue for the eighteenth district of Ohio, at Cleveland. During the three taxable years the following persons, related to petitioner as indicated, resided at the Wade Park Avenue residence: Petitioner Josephine S. S. Scofield (mother) William M. Scofield (Josephine S. S. Scofield's husband *118 and petitioner's step-father) Grace M. Skelley (aunt) Mary Jane Scofield (half-sister) Josephine Schofield Thompson (sister) The petitioner claimed as dependents his mother, Josephine S. S. Scofield, and his aunt, Grace M. Skelley. During the taxable years the petitioner's mother was in ill health and unable to do "outside" work. Grace M. Skelley was in a "highly nervous state" and unable to work. During the taxable years petitioner gave to his sister, Josephine Schofield Thompson, the sum of approximately $200 each month for the payment of household expenses, except food. The food for the household was furnished by William M. Scofield, petitioner's step-father. William M. Scofield was employed during the taxable years in question as custodian of the Sailors and Soldiers Monument in Cleveland, Ohio, and had an income of less than $200 per month. Petitioner's income during the same period was approximately $500 per month. The petitioner paid approximately two-thirds of the purchase price of the Wade Park Avenue property and the remaining one-third was paid by his sister, Josephine Schofield Thompson. During the taxable years the petitioner purchased three automobiles *119 which were used by the family. On the above facts, which constitute substantially all of the facts proven at the hearing, petitioner asks that he be declared to be the head of a family and entitled to claim two dependents, as indicated above. The petitioner, in his brief, assumes that the facts averred in his petition, and particularly the facts set out in an affidavit which is incorporated in the petition, are to be received as proven facts, stating in his brief that the case is in effect submitted on demurrer. [Opinion] The petitioner, however, overlooks the fact that the respondent's answer denied all of the allegations of the petition except those contained in the first three paragraphs thereof, these allegations relating to jurisdiction and the amounts in controversy. As to all other facts, petitioner was put on proof. The burden of proof rested on him. On the record made, we sustain the respondent. The record shows that six persons resided at the address in question but we have no evidence whatsoever as to the employment, contributions, or otherwise as to two of the six persons. The regulations provide, in effect, that the head of a family must actually support and *120 maintain in one household one or more individuals who are closely related with him by blood relationship, relationship by marriage, or by adoption, and whose right to exercise family control and provide for these dependent individuals is based upon some moral or legal obligation. As to the dependents, the regulations require that the individual shall be dependent upon, and receive his chief support from, the taxpayer, provided the dependent is either under eighteen years of age or incapable of self-support because defective. There is no proof that the petitioner, by his contribution of $200 per month to the support of the six individuals, actually supported those whom he claims as members of his family. There is no proof of the cost of the food used nor the amount which his step-father contributed. There is no proof of the exercise of the right of control over the household and its occupants by petitioner nor is there any proof of the items for which the $200 contributed by petitioner each month was spent. The record made fails to establish either that petitioner was the head of a family, within the meaning of that term as used in the taxing statute, or that the alleged dependents *121 were in fact dependent on him for their chief support. Decision will be entered for the respondent.